**In the Matter of the Application for Disciplinary Action Against Thomas B. JELLIFF, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF the SUPREME COURT, Complainant,**

v.

**Thomas B. JELLIFF, Respondent.**

**Civ. No. 9533.**

Supreme Court of North Dakota.

Nov. 2, 1978.

Gregory D. Morris, Bismarck, for Disciplinary Bd.

Robert A. Alphson, Grand Forks, for respondent.

ERICKSTAD, Chief Justice.

This matter comes to us as a result of our order of September 6, 1978, which asked the Disciplinary Board of our court, through its three-member hearing panel, and the respondent, Thomas B. Jelliff, to appear before this court on the 3rd day of October, 1978 at 10:00 a. m. to show cause why this court should not adopt a certain stipulation, waiver and agreement dated the 1st day of August, 1978, signed by Robert A. Alphson, as attorney for the respondent, Jake C. Hodny, as chairman of the three-member hearing panel, and Gregory D. Morris, as disciplinary counsel of the Disciplinary Board.[1]

I. "The Disciplinary Board and this three member hearing panel through Gregory D. Morris, Disciplinary Counsel, and the above-named respondent by his attorney, Robert A. Alphson, hereby stipulate and agree that:

"1. The notice of hearing issued pursuant to Rule 10(h) N.D.R.D.P. by the chairman of the three member hearing panel, Jake C. Hodny, and dated the 23rd day of June, 1978, in the above-entitled matter is hereby vacated.

"2. The evidentiary hearing provided for in Rule 10 N.D.R.D.P. is waived and the Findings of Fact attached and made part of this

Although counsel for Jelliff conceded that objections to the findings and the recommendation of the hearing panel were waived, he argued vigorously that this court should after a review of the findings of fact make an independent determination of the discipline to be meted out to Jelliff. He urged us to reject the recommendation of the panel that Jelliff's certificate of admission be suspended for a period of 60 days, and instead suggested that a public reprimand would be the most appropriate discipline this court could impose in this case. He argued that this was not a case of thievery, but a case of carelessness or negligence on the part of Jelliff in co-mingling funds which he received in the form of fees of from 50 cents to $1.50 per collection of checks that were written by persons who had insufficient funds in the bank to cover their checks (n. s. f. checks), and the proceeds Jelliff received on collecting said checks; and a matter of carelessness or negligence in the use of said funds for personal purposes, office purposes, buy money in drug cases, and reimbursement of merchants.

The conclusions and recommendation of the three-member panel are as follows:

"I.

"The matter of the application for disciplinary action against Thomas B. Jelliff, a member of the Bar of the State of North Dakota, is properly before the hearing panel procedurally and jurisdictionally.

"II.

"The Findings of Fact by clear and convincing evidence support the first cause of action of the complaint in that the respondent, Thomas B. Jelliff, practiced law in the State of North Dakota in the year 1970 without a license to practice law, in violation of North Dakota Century Code § 27–11–01 and Canon 3, DR 3–101(B) of the Code of Professional Responsibility as adopted by the State Bar Association of the State of North Dakota and the Supreme Court of this state.

"III.

"The second cause of action fails, as there is not clear and convincing evidence that the fee was received for the prosecution of the NSF offenses and thus not necessarily a matter which was an official duty of the state's attorney to attend. This hearing body certainly does not mean to condone the collection of such a fee nor the use to which it was put by an officer of the state but must conclude that the violation alleged was not supported by the facts. There is always a strong probability that an appearance of impropriety can be generated by such activities.

"IV.

"The third cause of action is supported by clear and convincing evidence that the respondent received a fee in his capacity as state's attorney and failed to file with the Grand Forks County Auditor's Office

Stipulation, Waiver and Agreement shall stand as the record in the above-entitled matter before the hearing panel and the Supreme Court.

"3. The three member hearing panel shall make its conclusions and recommendation as required by Rule 10(1) N.D.R.D.P. based upon the stipulated Findings of Fact attached hereto.

"4. The recommendation of the panel for discipline shall be for a suspension of the above-named respondent's certificate of admission to practice law in the State of North Dakota for a period of sixty days commencing at the earliest possible date, and that the

respondent shall pay the costs of the formal disciplinary proceedings.

"5. Objections to the findings and recommendation of the hearing panel are hereby waived pursuant to Rule 10(m) N.D.R.D.P.

"6. The Findings, Conclusions and Recommendations of the three member hearing panel shall be filed with the Supreme Court no later than August 9, 1978."

The findings of fact, which were also made a part of the stipulation, waiver and agreement, have not been included herein, but it should be noted that the findings of fact alone encompass some 15 plus, legal size pages.

an accounting of those fees and money so collected, verified by oath, nor did he file duplicate receipts for money or property received in his official capacity and he further failed to pay the monies over to the county treasurer's office. Such actions constitute violations of N.D.C.C. § 11–16–01.7 and 8; N.D.C.C. § 27–14–02.7 and Canon 1, DR 1–102(A)(5) of the Code of Professional Responsibility as adopted by the State Bar Association and the Supreme Court of the State of North Dakota.

"V.

"The fourth and fifth causes of action are supported by clear and convincing evidence in so far as the respondent did use, transfer and dispose of monies held in trust for others in the checking account entitled 'Thomas B. Jelliff, State's Attorney,' for his personal use and in a manner not authorized, in violation of N.D.C.C. § 27–14–02.7; and Canon 1, DR 1–102(A)(5) and (6).

"VI.

"The aforementioned conduct and violations of statute and the Code of Professional Responsibility are sufficient basis for the suspension of the certificate of admission of the respondent for a period of sixty days.

"WHEREFORE, based upon the foregoing findings and conclusions and in accordance with the stipulation accepted by this hearing panel, it is recommended that the certificate of admission of the respondent, Thomas B. Jelliff, be suspended for a period of sixty days commencing at the earliest possible date, and that he be required to pay the cost of the formal disciplinary proceedings."

Let us consider briefly the findings of fact and the conclusions and recommendation of the three-member panel in light of the charges contained in the complaint, and in view of the stipulation whereby Jelliff has waived all objections to the findings and the recommendation of the hearing panel.

Conclusion II relates to the first cause of action in the complaint, and more specifically part II which asserts that Jelliff practiced law in the state in the year 1970 without a license to practice in violation of Section 27–11–01, N.D.C.C., and Canon 3, DR 3–101(B) of the Code of Professional Responsibility.[2] Because neither the cause of action nor the findings of fact nor the conclusions are disputed, and no effort has been made to explain this conduct, we cannot disregard it.

The second cause of action, and particularly part III thereof, asserts that Jelliff from about January of 1971 through September of 1975 received a fee or reward in the nature of a fee for the handling of non-sufficient fund checks and their prosecution, which prosecution was a part of his official duty. Part IV of that cause of action asserts that his conduct was in violation of Section 11–16–05(3); Section 27–14–02(1) and 27–14–02(7), N.D.C.C.; and Canon 1, DR 1–102(A)(5) and (6) of the Code of Professional Responsibility.[3]

---

**2.** "No person, except as otherwise provided in section 27–11–27, shall practice law, act as an attorney or counselor at law in this state, or commence, conduct, or defend in any court of record of this state, any action or proceeding in which he is not a party concerned, nor be qualified to serve on the supreme court or district court unless he has:
  1. Secured from the supreme court a certificate of admission to the bar of this state; and
  2. Secured an annual license therefor from the state bar board.
Any person violating any of the provisions of this section is guilty of a class A misdemeanor." § 27–11–01, N.D.C.C.

"(B) A lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction." Canon 3, DR 3–101(B), Code of Professional Responsibility.

**3.** "The state's attorney shall not:
  *    *    *    *    *    *
  3. Receive a fee or reward from or on behalf of a prosecutor or other individual for services in any prosecution or business to which it is his official duty to attend." § 11–16–05(3), N.D.C.C.
"The certificate of admission to the bar of this state of an attorney and counselor at law

As the hearing panel concluded that the second cause of action fails, we shall not discuss it other than to state that if a fee is to be charged for such services, it is preferable that the legislature establish the fee and, of course, any fee charged for such services should be deposited with the county treasurer rather than being placed in a private trust account for use by the state's attorney.

Part IV of the conclusions relates to paragraphs III, IV, and V of the third cause of action, which read: [4]

### "III.

"On or about January of 1971 through September of 1975, the respondent, while state's attorney, charged a service fee to merchants and other persons bringing NSF checks to the state's attorney's office for collection and or the obtaining of restitution and reimbursement on such checks.

### "IV.

"The respondent failed to file with the Grand Forks County Auditor an accounting of the fee and monies collected, verified by oath, duplicate receipts for money or property received in his official capacity and he failed to pay the monies, fees and remunerations over to the county treasurer's office.

### "V.

"The above-stated actions are in violation of North Dakota Century Code Section 11–16–01.7 and 8; North Dakota Century Code Section 27–14–02.1; North Dakota Century Code Section 27–14–02.7; and Canon 1, DR 1–102(A)(5) and (6) of the Code of Professional Responsibility."

An examination of the findings of the panel discloses that the allegations of the third cause of action are true and, accordingly, part IV of the conclusions is true.

Counsel's response on behalf of Jelliff is that his conduct was careless and negligent, but that it does not disclose any intent to defraud or to steal. He asserts that Jelliff was particularly negligent in not asking the county commissioners to provide him with a bookkeeper and an auditor. Counsel for the panel, without taking a hard line and without asserting that there was actual intent to defraud or to steal, asserts the conduct was nonetheless violative of the statutes and the disciplinary rules of the Code of Professional Responsibility. We agree.

The fourth and fifth causes of action allege that Jelliff used, transferred, and disposed of monies in the account entitled "Thomas B. Jelliff—State's Attorney", which had been entrusted to him as a fiduciary, or in his capacity as a public servant, *in a manner he knew was not authorized,*

---

may be revoked or suspended by the supreme court if he has:
1. Committed an offense determined by the supreme court to have a direct bearing upon a person's ability to serve the public as an attorney and counselor at law, or the supreme court determines, following conviction of an offense, that the person is not sufficiently rehabilitated under section 12.1–33–02.1;

      *     *     *     *     *     *

7. Committed any other act which tends to bring reproach upon the legal profession. The enumeration of certain grounds for disbarment or suspension of attorneys at law shall not be deemed a limitation upon the general powers of the supreme court to suspend or disbar for professional misconduct." § 27–14–02(1), (7), N.D.C.C.
"(A) A lawyer shall not:

      *     *     *     *     *     *

(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law." Canon 1, DR 1–102(A)(5), (6), Code of Professional Responsibility.

4. "The state's attorney is the public prosecutor, and shall:

    *     *     *     *     *     *

7. Deliver duplicate receipts for money or property received in his official capacity and file copies thereof with the county auditor.
8. On the first Monday of January, April, July, and October in each year, file with the county auditor an account, verified by his oath, of all money received by him in his official capacity in the preceding three months, and at the same time, pay it over to the county treasurer." § 11–16–01(7), (8), N.D.C.C.

and that he *co-mingled funds entrusted to him with his own personal monies* in the said account.

Part V of the conclusions is that Jelliff used, transferred, and disposed of monies held in trust for others in the checking account entitled "Thomas B. Jelliff—State's Attorney" for his personal use and in a manner not authorized, in violation of Section 27–14–02(7), N.D.C.C., and Canon 1, DR 1–102(A)(5) and (6).

Counsel, on behalf of Jelliff, concedes that Jelliff did use some of the funds for personal purposes, but asserts that the merchants had no objection to Jelliff's use of the fees which he charged for seeking reimbursement of non-sufficient fund checks for personal purposes, for miscellaneous office expenses such as coffee and for buy money in conjunction with drug prosecutions. In any case, counsel asserts that Jelliff has reimbursed all parties including the county for funds he expended.

Counsel for the three-member panel asserts that, although reimbursement has been made, part of it was as a result of an agreement reached between the attorney general on behalf of the state and Jelliff in conjunction with the dismissal of criminal charges arising out of the handling of this trust account, wherein Jelliff agreed to reimburse all parties as well as the county for any and all funds improperly expended from the trust account.

We agree that the conduct charged in the fourth and fifth causes of action and found by the panel to have been committed by Jelliff constitutes a violation of Section 27–14–02(7), N.D.C.C., and Canon 1, DR 1–102(A)(5) and (6).

Not only did Jelliff very carelessly maintain his trust account and fail to keep a balance in the account, but he used it for personal purposes such as for the purchase of insulin for his diabetic condition, for contributions to charitable and political causes, and for office expenses of the type which could not be considered expenses for which public funds could be properly used.

Notwithstanding that Jelliff may have rendered a great service to the merchants in seeking and acquiring reimbursements from persons who had submitted to the merchants checks for which their accounts had insufficient funds to cover, the loose and careless manner in which this account was kept and the fact that funds were used for other than official purposes, necessitates disciplinary action.

Although counsel for Jelliff has urged that because Mr. Jelliff has paid his license fee, has reimbursed all who may have been injured by his conduct, has very serious health problems, and has rendered great service otherwise to the county we should only issue a public reprimand, we find it necessary to do more than that lest others who may be tempted to conduct themselves in a similar manner under similar circumstances conclude that the statutes and the provisions of the Code of Professional Responsibility involved in this case are not really important. By his conduct, Jelliff has brought reproach upon the legal profession, and that cannot be taken lightly lest the public lose confidence in the legal profession and consequently lose confidence in our system of justice.

If we were to suspend Jelliff's certificate of admission for a limited period of time and to assess the costs or expenses of the proceedings to him, our action would be consistent with our recent decisions.

*In Matter of Walton*, 251 N.W.2d 762 at 764 (N.D.1977), an attorney, while functioning both as attorney and as executor, used funds of an estate for his own purposes. Notwithstanding that he later, after a complaint had been filed with the Grievance Commission, refunded the money, we suspended his certificate of admission for a period of six months, with the privilege of receiving a restricted certificate to practice after two months. We also required the attorney to pay costs of the proceeding.

Giving a referee's finding appreciable weight, *In the Matter of Pohlman*, 248 N.W.2d 833 at 836 (N.D.1977), we publicly reprimanded an attorney for failing to file a Federal income tax return and required the attorney to pay the costs of the proceeding.

In light of our consideration of the matters discussed in this opinion, particularly the findings of fact, the conclusions and recommendation of the three-member hearing panel of the Disciplinary Board, the stipulation of Jelliff waiving all objections to the findings and the recommendation of the hearing panel, and as a deterrent to others, we conclude that the certificate of admission of Thomas B. Jelliff, must be and hereby is suspended for a period of sixty days, commencing on the date of the service of a copy of this opinion upon him. We conclude also that he must be required to pay and he is hereby required to pay the expenses of the disciplinary proceedings as may be determined by the chairman of the Disciplinary Board or his designee, with the understanding that the chairman of the Disciplinary Board may permit the payment of expenses to extend over a period of time not to exceed one year. Jelliff shall submit proof of payment to the clerk of this court within 30 days of the date of billing, or in the alternative, proof that satisfactory arrangements have been made with the chairman of the Disciplinary Board or his designee. *See* Rule 21(d), N.D.R.D.P.

ERICKSTADT, C. J., SAND, PAULSON and PEDERSON, JJ., and GERALD G. GLASER,* District Judge, concur.